# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FILED
NOV 9 2023
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Adamas Hyahking Bartholomew-Bey
FKA TAYLOR V. BARTHOLOMEW
                        Plaintiff

vs.

Woodford County Correctional Facility
Sheriff Matthew Smith
Superintendent Dennis Wertz
Deputy Superintendent Josh Kein
                        Defendant(s)

Case No. _____
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Adamas Hyahking Bartholomew-Bey FKA TAYLOR V. BARTHOLOMEW

Prison Identification Number: 0817893960 (INMATE)

Current address: 312 Fitch Rd, Rockford Illinois 61730

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Woodford County Correctional Facility

Current Job Title: 

Current Work Address: 111 E Court St, Eureka Illinois 61530

Defendant #2:

Full Name: Matthew Smith - Sheriff

Current Job Title: Sheriff of Woodford County Correctional Facility

Current Work Address: 111 E Court St, Eureka, Illinois 61530

Defendant #3:

Full Name: Dennis Wertz - Superintendent

Current Job Title: Superintendent of Woodford County Correctional Facility

Current Work Address: 111 E Court St, Eureka Illinois 61530

Defendant #4:

Full Name: Josh Kain - Deputy Superintendent

Current Job Title: Deputy Superintendent of Woodford County Correctional Facility

Current Work Address: 111 E Court St, Eureka Illinois 61530

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

3

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number
   _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.

A. Is there a grievance procedure available at your institution?  Yes ☑   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☑   No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence <u>Woodford County Correctional Facility, Eureka Illinois</u>

Date(s) of the occurrence <u>07-30-2023 / Currently</u>

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

While not violating any rules of the facility or acting disruptly the Defendants Deputy violated the Plaintiff's 8th Amendment rights.

1. July 30th 2023 Deputy Rue, using excessive force pushed I the Plaintiff into machinery inside the intake entrance.

2. During intake and booking the Plaintiffs Constitutional Rights were violated by the defendants Deputy, conducting an illegal search, having no reason to suspect a weapon or contraband, a strip search and cavity search was conducted without consent.

(Deputy Spencer) 3. While inappropriately housed in Medical B Cell the plaintiff was assaulted by the Defendants Deputy, luring the plaintiff to the door with a cup of water and forcefully slamming the Plaintiff's hand inside the port of the door, causing injury to the right index & middle fingers.

(Deputy Rue) 4. After turning off the Plaintiffs water, the Plaintiff was then deprived of hydration between the hours of approx 5pm & 7AM.

(Riley, Sgt. Jentes) 5. On another occasion the Plaintiff was deprived of water between the hours of 5pm & approx 1:30pm the next day.

(Duty Lt. Deputy Rue) 6. While being drug to a padded cell, without cause Deputy Rue did re-enter the cell to place the Plaintiff in a restraint position utilizing a technique, applying pressure to the neck from the backside/between the shoulders, that could cause restricted breathing. July 30th 2023

7. Using a Prohibited use of force after Deputy Tyler Rue, Sgt House hostel and Deputy Schueffer did attack the Plaintiff Sept. 12. Deputy Schaffer placed both hands around the neck of the Plaintiff, applying pressure to the windpipe, and being told to stand down by the Sgt. He/she both continued with the attack by using excessive force on the Plaintiff, causing both bruising and scarring on the arch of the Plaintiff.

8. On Sept 16th between the hours of 2:30pm / 3:30pm Deputy Rue did unplug the phone, disconnecting the Plaintiff from the call with her attorney, Public Defender Andrew Lankton, and aggressively enter the cell of the inmate, stating "I told you I was taking this." He began to attempt to pry the phone from the hands of the Plaintiff. He then forcefully pushed the Plaintiff to the bed and crawled on top of her, applying upper body pressure and strength to roughly handle the Plaintiff while giving no directive. Deputy Munson, Sgt Reneau entered & cell to assist, while being held Deputy Rue did discharge his weapon approx 5 times, tasing the restrained Plaintiff in a prohibited area.

9. In the month of Sept. 2023 while housed in Medical Cell B the Plaintiff was tased up to 8 times by Sgt Jentes and Deputy Wahls. Both acting under the color of law, discharged their weapons within a close proximity of the Plaintiff into the groin, anterior pelvis, back and chest. Violating the 8th Amendment and Illinois Statutes. Causing pain, suffering, physical injury and emotional distress. Deputy Dus and Deputy Curtis witnessed such failing to render aid. Both Wahls & Jentes twisted the body and head of the Plaintiff while removing projectiles, this technique effecting the neck and breathing of the Plaintiff. Wahls held the head of the Plaintiff forcefully compressing her into the concrete while Jentes twisted her body in the opposite direction creating an unlawful chokehold or position for asphyxiation.

10. After requesting pads to contain menstratation Deputy Rue did open the door to medical cell B and throw approx 3 pads into the face of the Plaintiff.

11. More often than not the Plaintiff states she was unable to participate in daily cleaning as written in the handbook of WCCF. Have gone weeks without cleaning or sanitizing living quarters or area. The shower area up to a week or more has had both urine and fecal matter contaminating the walls, floors and also the shower, sink and toilet areas.

12. Most times the Plaintiff was denied access to the law library, having requested daily access. The request has only been allowed when Deputy deemed, and such continues up to present day.

13. Food and watering tampering, inadequate housing according Illinois Jail Standard & Inmate rights, has taken place without resolution after reporting.

14. No reports on strip search has been given to the Plaintiff

15. No investigation has followed incident(s), or incident reports.

16. Threats and intimidation has followed each assault.

17. Plaintiff unable to make Prea report within 24 hrs, threatened by physical injury and confinement these incidents remain undisclosed.

18. Voyeurism experienced while washing up after being refused a shower and while using the restroom.

19. Indecent exposure of genitalia, buttocks to inmate and Deputy by Deputy Marshall and Deputy Murphy.

20. Assault and Battery by Deputy Rue, Deputy Spencer, Deputy Uchts, Sgt Jentes, Sgt Hausehostel, Deputy Schaeffer

21. Failure to intervene by Deputy Mason, Zook, Curley, Durst, Sgt Amadumme, during assaults and or after witnessing assaults. Deputy Mason stating "You fuck around you get fucked."

22. Daily Harassment and Hazing by Deputy, even went as far as putting urine on my clothing, and spitting in the Plaintiffs meals. Contaminating personal items and living quarters with foreign particles and debris. Sticking their fingers into my cup.

23. Threats and Intimidation not limited to being told "You dont fuck with us." "I dont give a fuck about any cameras." Zapping tasers as a reminder of being tased, and being told I'd be placed back in a padded cell, where for the most part I am left lying on concrete without bed or blanket and told to utilize the hole provided for vomiting during detox, as a toilet. Deputy have made un-necessary physical contact and used behavior like kicking doors to show they'll cross boundaries. Reckless conduct and statements.

24. Utilizing force that is likely to cause death or great bodily harm, when there is no threat or no longer an immediate threat of great bodily harm to the officer or another.

25. Sgt. Hausehostel did intimidate the Plaintiff while attempting to make a Prea report, stating his officers didnt do anything, knowing well that they had. Attempting to get the Plaintiff to omit the performance of the act. As he subjected the Plaintiff to physical confinement and reckless conduct, it was repeated by Deputy and Sgt. "Im only doing my job."

26. Sgt. Reneau and Sgt Hausehostel did intervene while Deputy Rue and Deputy Schaeffer were using deadly force, and excessive force. Sgt. Reneau requesting Deputy Rue remove himself, and Sgt. Hausehostel informing Deputy Schaeffer not to perform such.

27. Participation in a conspiracy and illegal acts, the Forcible Detention of the Plaintiff being requested by a third party.

28. Accepting bribery to commit illegal acts, the Sheriff, Deputy Superintendent and Superintendent did accept a proposition in order to hold the Plaintiff in confinement, and commit hazing, harassment and unlawful acts against the Plaintiff.

29. Failure to provide notification of Rights of a Foreign National.

30. Destroying or confiscating personal property of a inmate so as not to be able to contact others on the outside.

31. Attempted asphyxiation using the ventilation system & dehydration. Toilet water channeled through the sink of the Plaintiff.

32. Refused Grievance kiosk and provided at discretion of Deputy.

33. All conduct by Deputy completely ignored by Sheriff, Deputy Superintendent and Superintendent. Electronic filing systems containing all grievances and appeals. (1) Written Grievance provided to Superintendent Dennis Werr on 11/6/2023 containing (45) complaints violating Illinois Jail Standard and Illinois State Statutes.

6

compensatory damages & punitive damages in the amount of $100,000 in Gold currency. Plaintiff also seeks a jury trial on all issues triable by jury. Plaintiff also seeks recovery of the costs in this suit and any additional relief this court deems just, proper and equitable.

## RELIEF REQUESTED

(State what relief you want from the court.)

By witnessing and being informed of the illegal action, failing to correct the misconduct, and encouraging the continuation of the misconduct, the Defendants violate the Plaintiff's rights under the 8th Amendment of the U.S Constitution, causing the Plaintiff pain, suffering, physical injury and emotional distress. By threatening the Plaintiff with physical violence & confinement for exercise of her right to seek redress from the County Correctional Facility through use of the grievance system, the Deputy are retaliating against the Plaintiff unlawfully, in violation of the Plaintiff's rights secured under the First Amendment. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. The Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunction relief which the Plaintiff seeks. Prayer for relief: Plaintiff respectfully prays that this court order enters judgment granting a declaration that the acts and omissions described herein violate her rights under the Constitution and Laws of the United States. A preliminary and permanent injunction ordering the defendants to cease their physical violence and threats, and granting

JURY DEMAND    Yes ☑    No ☐

Signed this ___9th___ day of ___November___, 20_23_.

_Adamas Hyahking Bartholomew Bey_
( Signature of Plaintiff)

| Name of Plaintiff: Adamas Hyahking Bartholomew Bey FKA TAYLOR V. BARTHOLOMEW | Inmate Identification Number: ~~08171989~~ 0817893960 |
|---|---|
| Address: 312 Fitch Rd. Rockford, Il | Telephone Number: 563-209-2019 |

8

